IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PHILIP STEVEN BRYANT                                                                    PLAINTIFF

v.                                      CIVIL NO. 12-2196

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Philip Bryant ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). ECF. No.1. The Defendant filed an answer to Plaintiff's action on October 29, 2012, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 8.

On February 11, 2013, the Commissioner, having changed positions, filed a motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF No. 12. Specifically, the Defendant contends that the evidence in the case supports a finding that Plaintiff has a severe mental impairment which should be further evaluated by the ALJ. It is the Commissioner's request that, on remand, the ALJ be instructed to: 1) update the treatment evidence on the claimant's medical condition; 2) articulate how he evaluated the severity of all medically determinable mental impairments using the special technique; 3) discuss how he evaluated the credibility of the claimant's subjective complaints; 4) expressly evaluate treating and examining, as well as non-examining medical sources in the updated record explaining the reasons he accorded weight to the various sources; 5) further consider whether the claimant has past relevant work he could perform with the limitations established by the record; and, 8) as appropriate secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g).  A remand pursuant to "sentence six" is limited to two situations:  where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency.  The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate. Therefore, we recommend GRANTING the Commissioner's motion to remand and remanding the case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of February 2013.

        */s/ J. Marschewski*
        HON. JAMES R. MARSCHEWSKI
        CHIEF UNITED STATES MAGISTRATE JUDGE